IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00041-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| DAVID PAUL LEE, | |
| Defendant. | |

Billy J. Williams
United States Attorney
District of Oregon

Gregory R. Nyhus
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204

    Attorneys for United States of America

1 – OPINION & ORDER

Noel Grefenson
Attorney at Law
1415 Liberty St. SE
Salem, OR 97302

    Attorney for Defendant

HERNANDEZ, District Judge:

    Defendant David Paul Lee is currently incarcerated for a term of twenty-seven months under the supervision of the Federal Bureau of Prisons ("BOP"). Defendant pleaded guilty to one count of Unlawful Possession of a Firearm – Fugitive. He moves to reduce his sentence based on BOP's alleged failure to fully credit him for the time he spent in federal custody prior to sentencing. The Government agrees that BOP did not fully credit Defendant for time served. The Court GRANTS the motion.

## BACKGROUND

    On May 12, 2015, Defendant was convicted by a jury in Clatsop County Circuit Court for Assaulting a Public Safety Officer, Attempted Strangulation, Assault in the Fourth Degree, Resisting Arrest, and Disorderly Conduct. Def.'s Mot. ¶ 1, Ex. 1, ECF 76. Defendant failed to appear at his sentencing and the circuit court issued a warrant for his arrest. *Id.* at Ex. 2. On December 2, 2015, Washington County officers arrested Defendant during a traffic stop. *Id.* at Ex. 3. Washington County charged Defendant with Elude and Possession of a Short-Barreled Shotgun. *Id.* Defendant was held at Washington County jail at the time. *Id.*

    On January 26, 2016, the Government indicted Defendant for Unlawful Possession of a Firearm – Fugitive, and Possession of a Firearm Made in Violation of the National Firearms Act. *See* Indictment, ECF 1. On February 2, 2016, Clatsop County deputies executed the failure to appear warrant on Defendant and transported him from Washington County to Clatsop County

2 – OPINION & ORDER

for sentencing. Def.'s Mot. ¶ 4. On February 16, 2016, Clatsop County Circuit Court imposed a combined sentence of 365 days in jail for the five counts in the Clatsop County indictment. *Id.* at ¶ 5.

On March 22, 2016, Defendant made his first appearance for arraignment in his federal case and was entered into federal custody. *Id.* at ¶ 6. On August 23, 2016, Defendant appeared before this Court and pleaded guilty to Count 1 of a Superseding Indictment: Unlawful Possession of a Firearm – Fugitive. *See* Superseding Indictment, ECF 28; Aug. 23, 2016, Minutes of Proceedings, ECF 52. The Plea Agreement stated that Defendant's time spent in federal custody prior to sentencing, approximately eight months at the time of the agreement, would be deducted from his sentence. Plea Agreement ¶ 10, ECF 53. On March 1, 2017, the Government filed its sentencing memorandum and requested that Plaintiff's sentence be reduced by eleven months to reflect the delay in sentencing. Gov't's Sentencing Mem. 8, ECF 67. On March 7, 2017, the Court sentenced Defendant to twenty-seven months of incarceration pursuant to the Plea Agreement. Def.'s Mot. ¶ 9.

In November 2017, Defendant notified the Court and the Government that BOP deducted only 149 days of time served from his sentence. Def.'s Mot. ¶ 10. The Government calculated that the 149 days of time served included sixty-one days in Washington County jail and eighty-eight days in federal custody. *Id.* at ¶ 12; Def.'s Mot. p. 7.

DISCUSSION

The Court must determine the amount of time served to deduct from Defendant's sentence. The record demonstrates that Defendant spent 350 days in federal custody prior to sentencing. *See* Mar. 22, 2016, Minutes of Proceedings, ECF 10 (the date of Defendant's first appearance); Mar. 7, 2017, Minutes of Proceedings, ECF 69 (the date of Defendant's

3 – OPINION & ORDER

sentencing). Defendant argues that BOP improperly credited Defendant with only eighty-eight days. *Id.* Defendant maintains that he was not credited with the other 262 that he was due. Def.'s Mot. 7.

The Government agrees that Defendant's sentence does not fully reflect the time he spent in federal custody; however, the Government suggests that Defendant might be entitled to an undefined amount of time that is less than the 262 days of credit that Defendant seeks. *See* Gov't's Resp., ECF 77. The Government argues that the Court incorporated some portion of the deduction for time served when it applied a downward variance to Defendant's sentence. The Government concedes that the Statement of Reasons does not state that Defendant's time served was the reason for the downward variance. *Id.* at 3. Rather, the Court applied a downward variance, in relevant part, "to reach the range the parties anticipated in the plea agreement." *Id.*

First, the Court looks to the Plea Agreement and sentencing memoranda to determine the amount of time-served credit the parties intended Defendant receive. Paragraph 10 of the Plea Agreement explicitly states that Defendant would be given credit "against any sentence for the time spent in federal custody." The Government first estimated that Defendant would serve eight months in federal custody prior to sentencing. Plea Agreement ¶ 10. It then adjusted its calculation to eleven months to accommodate the delayed sentencing date. Gov't's Sentencing Mem. p. 8. Based on these documents, the Court finds that the parties intended that Defendant receive credit for the entire time he was in federal custody.

Second, the Court must determine if Defendant's time-served was taken into account during sentencing. As outlined in the Statement of Reasons, the Court adopted the Presentence Report and determined that Defendant's total offense level was 17 in Criminal History Category V before departures or variances. Statement of Reasons 1. The Court came to this offense level

by applying a base offense level of 20, with a reduction of 3 levels for acceptance of responsibility. *Id.* The applicable Guideline range was forty-six to fifty-seven months. *Id.*

Then the Court applied a downward variance reducing Defendant's offense level by 5. The Court provided three bases for the variance: (1) two levels downward for an early resolution; (2) one level downward for Defendant's mental health condition; and (3) two levels downward to reach the range the parties anticipated in the plea agreement. Statement of Reasons 3. Only the third basis arguably encompasses Defendant's credit for time served. The reason for this variance, however, was a discrepancy between the parties' and the Presentence Report's calculation of Defendant's Criminal History Category. The parties mistakenly believed that Defendant's Criminal History Category was IV, with a total offense level of 14 after applying other bases for a variance, putting Defendant's Guideline range at twenty-seven to thirty-three months. *See* Plea Agreement ¶ 5. The parties recognized their apparent error but maintained in their sentencing memoranda that twenty-seven months remained the appropriate sentence. *See* Gov't's Sentencing Mem. p. 7 n.2 ("The government continues to believe that the term of incarceration contemplated in the plea agreement is appropriate under the circumstances and therefore recommends two additional levels to account for the difference and be consistent with the plea agreement."); Def.'s Sentencing Mem. 2–3 (arguing that, notwithstanding the parties' miscalculation, they would continue to seek a twenty-seven-month sentence based on the Plea Agreement). Ultimately, the Government requested that Defendant's offense level be reduced by two levels, putting his total offense level at 12 in Criminal History Category V, with a Guideline range of twenty-seven to thirty-three months. *See* Gov't's Sentencing Mem. p. 7. Accordingly, the Court applied a two-level downward variance "to reach the range the parties anticipated in the plea agreement." Statement of Reasons 3.

In other words, the variance applied to Defendant's sentence was not based on Defendant's time served prior to sentencing. The variance did not take into account the eleven months that Defendant spent in federal custody. Statement of Reasons 3. Further, neither party discussed a variance based on time served in their sentencing memoranda nor did the Court's Statement of Reasons mention the topic. Therefore, the Court finds that Paragraph 10 of the Plea Agreement was not incorporated into sentencing through a downward variance and Defendant remains entitled to a deduction for time served.

Lastly, the Court must determine how many days of time-served credit should be deducted from Defendant's sentence. Sixty-one of the 149 days that BOP deducted from Defendant's sentence were attributed to days spent in Washington County jail which predates Defendant's federal custody. Def.'s Mot. 7. As such, Defendant was credited with eighty-eight days of time spent in federal custody. The Government does not dispute this calculation. Because the time spent in federal custody totaled 350 days, the Court finds that Defendant is entitled to an additional 262 days of time-served credit.

## CONCLUSION

Defendant's Motion to Reduce Sentence [76] is GRANTED. Defendant David-Paul Lee's sentence is reduced by 262 days. An amended judgment will be filed consistent with this Opinion & Order.

IT IS SO ORDERED.

Dated this \_\_7\_\_ day of June, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge