IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00041-HZ <br> (3:18-cv-01741-HZ) |
| v. | |
| DAVID PAUL LEE, | OPINION & ORDER |
| Defendant/Petitioner | |

Billy J. Williams
United States Attorney
District of Oregon

Gregory R. Nyhus
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204

    Attorneys for United States of America

David Paul Lee
FCI Sheridan

OPINION & ORDER - 1

P.O. Box 5000
Sheridan, OR 97378

    Pro se Petitioner

Todd E. Bofferding
P.O. Box 539
Hood River, OR 97031

    Standby Attorney for Petitioner

HERNÁNDEZ, District Judge:

Petitioner moves to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Because Petitioner's claims have no merit or have been waived, the Court denies Petitioner's motion. Because the motion and record conclusively show Petitioner is not entitled to relief, no evidentiary hearing is required.

## BACKGROUND

On December 2, 2015, Petitioner was pulled over in Washington County for weaving in his lane. Plea Hr'g at 24-25, ECF 62. Petitioner stopped his vehicle in a private driveway and eventually provided Washington County deputies with his name and identification. *Id.* at 25, Def. Mot. to Suppress at 2, ECF 27. He also told deputies he had a gun in his possession. Plea Hr'g at 25. After learning that he had an active warrant for his arrest, deputies took Petitioner into custody, searched his vehicle, and found the shotgun. *Id.* The government later determined that Petitioner had two warrants for his arrest, one from Clatsop County, Oregon and one from Mason County, Washington. *Id.*

On January 26, 2016, a grand jury charged Petitioner with one count of unlawful possession of a firearm under 18 U.S.C. § 922(g)(2), and one count of possession of a firearm made in violation of the National Firearms Act under 26 U.S.C. § 5861(6). On August 23, 2016,

Petitioner pled guilty to violating § 922(g)(2), which prohibits any person who is a "fugitive from justice" from "ship[ing] or transport[ing] in interstate or foreign commerce, or possess[ing] in or affecting commerce, any firearm or ammunition; or receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

In the plea agreement, Petitioner waived his right to appeal or to collaterally attack his conviction or sentence on any ground other than ineffective assistance of counsel. Plea Agreement at 3, ECF 54. Specifically, the written agreement states:

> **12. Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

On March 9, 2017, this Court sentenced Petitioner to twenty-seven months imprisonment and three years' supervised release.

On January 10, 2018, while represented by counsel, Petitioner personally filed three motions with the Court. *See* ECF 72, 73, 74. Petitioner was advised by the Court that motions filed by a defendant with appointed counsel would not be entertained. ECF 69. On February 23, 2018, Petitioner's counsel filed a motion to reduce defendant's sentence. ECF 76. That motion was granted on June 7, 2018, and Petitioner's sentence was reduced by 282 days for time served. ECF 79. Petitioner's counsel withdrew from the case on June 20, 2018. ECF 83. On September 7, 2018, Petitioner was arrested on a supervised release violation, and appointed new counsel. ECF 87. On September 21, 2018, the Court granted Petitioner's request to represent himself,

with his attorney to remain on the case as standby counsel. ECF 96. At that time, the Court also received three new pro se motions that Petitioner had filed over the last two days. ECF 92-96.

These pro se motions included arguments to dismiss the underlying case for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient pleadings. The government argued that the Court did not have jurisdiction to hear the motions, as Petitioner's time to file a direct appeal had expired. Gov't Resp to Mots. at 2-3, ECF 98. At the government's suggestion, and with the Petitioner's consent, the Court construed Petitioner's filings as petitions for relief cognizable under 28 U.S.C. § 2255. On September 27, 2018 the court also docketed Petitioner's Motion to Vacate or Correct Sentence under § 2255. *See* ECF 102-104. Thus, the Court now reviews five motions—ECF 92, 93, 94, 95, 102—taken collectively as a motion for relief under § 2255.

## STANDARDS

### I. 28 U.S.C § 2255

A prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel provide an exception to this "procedural default" rule. *Id.* Courts use a two-part test to determine whether a defendant has received

constitutionally deficient assistance of counsel. *Premo v. Moore*, 562 U.S. 115, 121 (2011). Under this test, a defendant must prove that counsel's assistance was deficient *and* that the deficient performance prejudiced the defense. *Id.*; *see also Schurz v. Ryan*, 730 F.3d 812, 815 (9th Cir. 2013) (Defendant must show not only that counsel's performance was deficient but that the deficient performance prejudiced the defendant).

To prove the deficiency of counsel's performance, the defendant must show counsel made errors so serious that his "representation fell below an objective standard of reasonableness" under prevailing professional norms. *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688.

In assessing whether counsel's performance was deficient, courts must "'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and make every effort 'to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689). Ultimately, the defendant's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

"To satisfy the prejudice prong under *Strickland*, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting *Strickland*,

466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 695).

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant[.]" *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

Under § 2255, a district court must grant a hearing "unless the motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief." *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting 28 U.S.C. § 2255). "The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citation omitted). The court may decline to hold an evidentiary hearing if the claim is "so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004) (citations and quotation marks omitted). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Id.* at 879 (addressing allegations that a defendant was incompetent because of drug use when he pleaded guilty).

**II.     Waiver**

Statutory rights, such as the right to direct appeal or a collateral attack under a § 2255 motion, are waivable in a plea agreement. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Courts will generally enforce a § 2255 waiver if (1) the language of the waiver encompasses the Petitioner's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver was knowingly and voluntarily made. *United States v. Martinez*, 143 F.3d 1266 (9th Cir. 1998); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). However,

individuals cannot waive the right to challenge the voluntariness of the plea agreement in a collateral attack. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005); *see also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the Petitioner to plead guilty or accept a particular plea bargain").

## DISCUSSION

Five motions, construed collectively as Petitioner's pro se motion for collateral relief under 28 U.S.C. § 2255, are at issue. In the four motions filed September 20 and 21, 2018, Petitioner attacks the validity of his underlying conviction. He argues that, among other things, the U.S. Attorney prosecuting his case did not have standing to bring charges against him; this Court lacked jurisdiction to hear the case; the case proceeded in an improper venue; the case proceeded without personal jurisdiction; and the indictment was invalid. In his motion filed September 27, 2018, Petitioner raises twelve grounds for relief based on ineffective assistance of counsel. This motion is supported by a declaration and a memorandum.

In his plea agreement, Petitioner waived his right to appeal and "to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." The plea agreement does not specify which type of ineffective assistance of counsel claims are cognizable and does not limit such claims.

It is unclear to the Court whether Petitioner is arguing that the waiver was not knowingly and voluntarily made. However, to the extent Petitioner does raise this argument, the Court does not agree. Petitioner points to no evidence to suggest the waiver was involuntary. Petitioner was represented by counsel. The Court thoroughly reviewed the plea agreement with Petitioner

OPINION & ORDER - 7

during the plea colloquy. Petitioner stated, under oath, that his plea was knowing and voluntary. The Court concluded that the plea was made freely and voluntarily.

Thus, Petitioner effectively waived his right to collaterally attack his conviction on any ground other than ineffective assistance of counsel. The Court will therefore not address those claims, raised throughout Petitioner's briefing,[1] that are not based on ineffective assistance of counsel. However, because Petitioner did not waive his right to raise claims of ineffective assistance of counsel, the Court will address the twelve grounds raised in Petitioner's motion filed September 27, 2018. To the best of the Court's ability, the Court has also attempted to identify and address those arguments raised by Petitioner throughout all motions that may be cognizable in light of Petitioner's non-waived claims.

## I. Ineffective Assistance of Counsel

### 1. Counsel's Failure to Challenge Government's Standing to Bring Action Against Petitioner

To show prejudice from counsel's failure to file a motion, Petitioner "must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him." *Wilson v. Henry*, 185 F.3d 986 (9th Cir. 1999) (citing Kimmelman v. Morrison, 477 U.S. 365, 373-74 (1986).

Petitioner argues that counsel failed to challenge the government's standing to bring charges against him. Petitioner cites only civil case law. However, Petitioner is challenging a criminal conviction,[2] and provides the Court with no criminal case law that might support his

---

[1] For example, Petitioner appears to argue that § 922(g) is unconstitutional facially and as applied, Def. Mot. Mem. at 27-28, and that he was subjected to vindictive prosecution, Def. Mot. Mem. at 33.

[2] The Court notes that Petitioner argues he was charged under a civil statute. Petitioner is mistaken. Petitioner was charged under 18 U.S.C. § 922(g)(2) and under 26 U.S.C. § 5861(6). Both 18 U.S.C. § 922(g)(2) and 26 U.S.C. § 5861(6) are criminal statutes.

argument. Petitioner cannot show that a trial court would have granted the challenge as meritorious. Because Petitioner cannot show prejudice, Petitioner has failed to raise a cognizable ineffective assistance of counsel claim.

### 2. Counsel's Failure to File a Motion to Suppress Evidence

Petitioner argues that counsel failed to file a motion to suppress illegally obtained evidence in violation of the Fourth Amendment. Specifically, Petitioner argues that the government illegally obtained evidence from a warrantless search without a valid exception to the warrant requirement.

Counsel filed a motion to suppress evidence on July 29, 2016. In the motion, Petitioner's counsel argued that officers searched Petitioners' vehicle without a warrant and without a valid exception to the warrant requirement. On August 23, 2016, Petitioner entered a guilty plea, before the motion was decided on the merits. Although Petitioner now claims he was not aware that counsel filed the motion, the Court's analysis does not change: counsel did, in fact, file a motion to suppress evidence. Petitioner has therefore failed to raise a cognizable ineffective assistance of counsel claim.

### 3. Counsel's Failure to Investigate Fourth Amendment Violations

Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "This includes a duty to investigate the defendant's 'most important defense,' and a duty adequately to investigate and introduce into evidence records that demonstrate factual innocence, or that raise sufficient doubt on that question to undermine confidence in the verdict." *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001) (citing *Sanders*, 21 F.3d 1446, 1457 (9th Cir. 1994) and *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir. 1999)). However, "the duty to investigate and prepare a

defense is not limitless: it does not necessarily require that every conceivable witness be interviewed." *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir.1995) (citations and quotations omitted). "When the record clearly shows that the lawyer was well-informed, and the defendant fails to state what additional information would be gained by the discovery she or he now claims was necessary, an ineffective assistance claim fails." *Bragg*, 242 F.3d at 1088 (citing *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) "Furthermore, 'ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case.'" *Id.*

Petitioner argues that counsel failed to investigate Fourth Amendment violations that occurred during the initial traffic stop, his subsequent arrest, and the search of his vehicle. Def. Mot. to Vacate or Correct Sentence under 28 U.S.C. § 2255 [hereinafter "Def. Mot."] at 8, ECF 102. Petitioner asserts that if counsel had investigated, he would have "learned and presented to the Court the pretexual nature of the traffic stop." *Id.* Specifically, Petitioner argues that officers did not have a warrant to search his vehicle, no warrant exception applied, no inventory was performed, and although the vehicle was parked on private property, it was impounded as a pretext to search for incriminating evidence. *Id.*

As noted above, counsel filed a motion to suppress evidence obtained in the warrantless search of Petitioner's vehicle. Petitioner has not identified what investigation counsel should have performed, but didn't. For example, he has not identified any eyewitnesses who should have been interviewed, or missing evidence that should have been tracked down. Without this information, Petitioner has failed to establish a reasonable probability that, had the witnesses been interviewed or evidence been discovered, his sentence would have been lower or a more favorable outcome would have resulted. Thus, Petitioner has failed to establish he was

prejudiced by any alleged lack of investigation. Petitioner has therefore failed to raise a cognizable ineffective assistance of counsel claim.

### 4. Counsel Coerced Petitioner to Enter Plea and Mischaracterized the Case

As a general matter, a guilty plea induced by promises or threats which deprive it of the character of a voluntary act is void. *See Machibroda v. United States*, 368 U.S. 487 (1962). "Agents of the State may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the Petitioner." *Brady v. United States*, 397 U.S. 742, 750 (1970). Coercion by a Petitioner's attorney or other third party also contaminates a plea. *See Iaea v. Sunn*, 800 F.2d 861, 866-68 (9th Cir. 1986). However, a guilty plea is not compelled and invalid whenever it is "motivated by the Petitioner's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady*, 397 U.S. at 751.

To attack the voluntary and intelligent character of a guilty plea based on ineffective assistance of counsel, a defendant may show that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970) and *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Thus, to prevail, the petitioner must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59.

Here, Petitioner argues that counsel coerced Petitioner into signing the plea agreement and mischaracterized the likely outcome of the case. Petitioner first argues that counsel coerced

him into signing the plea agreement. Specifically, Petitioner argues that his attorney used the stress of detention and administrative confinement, the threat of a longer sentence if he lost at trial, and the time pressure of an expiring offer to coerce him into signing the agreement. Def. Mot. Decl. at I, K, N-O.

As a preliminary matter, the Court notes that Petitioner does not identify evidence to suggest that counsel had control over Petitioner's detention or the expiring offer deadlines set by government attorneys. Additionally, a counsel's assessment and communication of the likelihood of success at trial and the possibility of a longer sentence following a guilty verdict is not "coercion," but rather the hallmark of legal advice.

Moreover, Petitioner's sworn statements at the change of plea hearing contradict his claims here. A defendant's "statements at the plea colloquy carry a strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012); *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997) ("Any attempt to contradict the factual basis of a valid plea must fail."). As the Supreme Court explained, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, the Court thoroughly reviewed the plea agreement with petitioner during the plea colloquy. Petitioner stated that the plea was not the result of force, threat, or intimidation. Plea Hr'g Tr. at 22. The Court found the plea to have been made "freely and voluntarily, not out of ignorance or fear or inadvertence or coercion." *Id.* at 27.

Petitioner next appears to argue that counsel mischaracterized the likely sentence resulting from a plea agreement versus a jury trial. Specifically, Petitioner argues that counsel said that if Petitioner plead guilty, the case would resolve "in a matter of 7 to 9 months," while if Petitioner lost at trial, "the Judge could sentence petitioner to over 10 years maybe even 15."

Def. Mot. Decl. at I, K. The Court notes that Petitioner was sentenced to twenty-seven months in prison, with approximately eleven months credit for time-served. Order Granting Def.'s Mot. to Reduce Sentence at 3, 6, ECF 79. Petitioner points to no evidence that counsel "mischaracterized" the likely outcome of the case besides his own affidavit. Notably, both the plea agreement and plea colloquy refute Petitioner's contentions. The plea agreement—signed by Petitioner—places the estimated guideline range at 27 to 33 months in prison, and states that the government would request a sentence on the low end of the range. Plea Agreement at 2. During the plea colloquy, Petitioner indicated, under oath, that he had reviewed and understood the plea agreement. Plea Hr'g Tr. at 6. He also stated that he and his attorney had specifically discussed the correct guidelines range of 27 to 33 months. Plea Hr'g Tr. at 19.

Petitioner has therefore failed to raise a cognizable ineffective assistance of counsel claim.

### 5. Counsel's Refusal to Advocate for Client

Petitioner argues that "counsel was ineffective in his assistance when he refused to be an advocate and dismissed Lee as guilty without conducting a thorough investigation of defendant's claims." Def. Mot. at 15. The Court has already addressed Petitioner's argument that counsel failed to conduct a reasonable investigation. To the extent Petitioner argues that counsel failed to advocate, Petitioner has failed to identify, broadly, how counsel's representation fell below an objective standard of reasonableness, or identify what actions, specifically, counsel should have taken on his behalf. At the very least, the record shows that counsel filed several motions and prepared for trial. *See* ECF 27, 32, 41, 42, 43. It also appears from Petitioner's declaration that counsel visited Petitioner while he was detained, had an investigator visit him as well, and repeatedly attempted to explain the case and charges. *See, e.g.*, Def. Mot. Decl. at I ("Counsel

assured Petitioner that since the firearm was previously transported in interstate commerce and fit the definition of a firearm the court had 'subject matter jurisdiction.'"). Without any evidence or argument about how counsel failed to advocate or what he failed to investigate, Petitioner has failed identify prejudice and therefore failed to raise a cognizable ineffective assistance of counsel claim.

### 6. Counsel's Refusal to File A Motion

Petitioner argues that counsel refused to file a motion to suppress evidence obtained from a non-valid post-impoundment inventory. Again, counsel filed a motion to suppress evidence discovered in the warrantless search of Petitioner's vehicle. Before the Court issued a decision on the motion, Petitioner entered a guilty plea. Petitioner has therefore failed to raise a cognizable ineffective assistance of counsel claim.

### 7. Counsel's Failure to Investigate Misconduct Involving Firearms and Due Process Claims of Excessive Force

Petitioner argues that "Counsel failed to investigate misconduct involving firearms and due process claims of excessive force." Def. Mot. at 14. Petitioner argues that officers used excessive force when they arrested him at gunpoint. The Court has already addressed Petitioner's argument that counsel failed to conduct a reasonable investigation; Petitioner has again failed to identify what investigation related to firearms counsel should have performed. Petitioner has not, for example, identified a witness who should have been interviewed, or evidence that should have been tested. While Petitioner argues that officers may have engaged in excessive force when they arrested him at gunpoint, Petitioner has not shown a reasonable probability that had counsel filed the motion, the trial court would have granted it as meritorious. Petitioner has therefore failed to raise a cognizable ineffective assistance of counsel claim.

### 8. Counsel's Failure to Provide Complete Information, Access to Discovery, and an Un-redacted Version of the Indictment

Petitioner argues that counsel failed to provide him with complete information, access to discovery, or an un-redacted version of his indictment. However, Petitioner has not identified what information or discovery, specifically, was withheld by his attorney. Even if information was withheld, Petitioner has failed to show how he was prejudiced by this lack of information. For example, as the government notes, the only information redacted from the indictment was the name of the Grand Jury foreperson. Because Petitioner has failed to show prejudice—i.e. how the proceedings may have been different had he been provided with the allegedly missing information or an un-redacted version of the indictment—Petitioner has failed to raise a cognizable ineffective assistance of counsel claim.

### 9. Counsel's Refusal to File a Motion to Dismiss for Failure to State an Offense

Petitioner argues that counsel failed to file a timely motion to dismiss the indictment for failure to state an offense. Under 12(b)(3), a defendant must raise motions to challenge a defect in the indictment, including a failure to state an offense, before trial. "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "The court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* "Where the indictment 'tracks the words of the statute charging the offense,' the indictment will be held sufficient 'so long as the words unambiguously set forth all elements necessary to constitute the offense.'" *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989)). "The indictment either states an offense or it doesn't. There is no reason to conduct an evidentiary hearing." *Boren*, 278 F.3d at 914.

Here, Petitioner cannot show prejudice because the superseding indictment, filed twenty-one days before Petitioner pled guilty, was sufficient. The superseding indictment reads:

> On or about December 2, 2015, in the District and State of Oregon, defendant DAVID PAUL LEE, then being a fugitive from justice and the subject of a lawfully issued warrant for his arrest in Mason County, Washington, Circuit Court case number 120099187, for Failure to Appear, did knowingly possess the following firearm:
>
>     (1) Remington Shotgun, Model 870 Express Magnum, 12-gauge, serial number A 12321 7M, which had previously been transported in interstate commerce.

Section 922(g)(2) reads, in relevant part:

> It shall be unlawful for any person—
> . . .
> (2) who is a fugitive from justice;
> . . .
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Under 12(b)(3), a court is bound to the four corners of the document itself, and here the indictment tracks the words of the charging statute. Petitioner therefore cannot show that a trial court would have granted the challenge as meritorious. Because Petitioner cannot show prejudice, Petitioner has failed to raise a cognizable ineffective assistance of counsel claim.

**10. Counsel's Failure to Address the Issue of the Indictment**.

Petitioner again argues that counsel was ineffective for failing to challenge the indictment. The same analysis for claim 9 applies here; because the indictment tracks the language of the law and sets forth all necessary elements, Petitioner cannot show prejudice. Petitioner has therefore failed to raise a cognizable ineffective assistance of counsel claim.

**11. Counsel's Failure to Properly Notify Petitioner of Charges Against Him.**

Petitioner argues that counsel was ineffective for failing to notify him that 18 U.S.C. § 922(g) "is an IRS Tax Code, civil in nature, so consent is required." Def. Mot. at 16. Petitioner is mistaken. 18 U.S.C. § 922(g)(2) is not part of the civil tax code but is a criminal statute that prohibits fugitives from possessing firearms. Petitioner has failed to raise a cognizable ineffective assistance of counsel claim.

### 12. Counsel's Failure to file a Rule 12(b)(2) Motion for Lack of Jurisdiction.

Petitioner argues that counsel was ineffective for failing to challenge the Court's jurisdiction to hear the claim. Besides standing, which the Court discussed and rejected when addressing Petitioner's first claim, Petitioner appears to argue that the Court did not have jurisdiction because the case should have been brought in the district where the underlying warrant was issued, and Petitioner did not have substantial contacts with the forum state.

This Court had jurisdiction to hear the case. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. A criminal defendant may only be charged and convicted in the state and district where the crime was committed. *United States v. Bink*, 74 F. Supp. 603, 613 (D. Or. 1947) ("The Constitution forbids indictment, trial and judgment in a criminal case in any state and district except where the crime was committed."). Here, Petitioner was indicted by a federal grand jury for committing offenses against the laws of the United States. Petitioner pled guilty to violating § 922(g)(2), a federal offense. Petitioner committed the offense—specifically, the act of possessing a firearm—in Washington County, Oregon, where he was also arrested. Because the case was properly before the Court, Petitioner has failed to establish a reasonable probability that had counsel filed the motion, the trial court would have granted it as meritorious. Petitioner has therefore failed to raise a cognizable ineffective assistance of counsel claim.

## II. No Evidentiary Hearing Is Necessary

Petitioner has not shown the need for an evidentiary hearing on his claims. A court may deny an evidentiary hearing based on "a record which included transcripts of the plea and sentence hearings" as well as other documents in the record. *Shah v. United States*, 878 F.3d 1156, 1160 (9th Cir. 1989). Because the record refutes Petitioner's allegations in his § 2255 motion, Petitioner is not entitled to an evidentiary hearing. *See id.* at 1159.

## CONCLUSION

Because the motion and records of the case conclusively show that Petitioner is not entitled to relief, the Court denies Petitioner's request for a hearing as well as Petitioner's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this \_\_\_7\_\_\_ day of \_\_\_Jan\_\_\_\_\_, 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge