IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00041-HZ-1 |
| Plaintiff, | ORDER |
| v. | |
| DAVID PAUL LEE, | |
| Defendant. | |

Amy E. Potter
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorney for Plaintiff

Thomas Freedman
Pearl Law, LLC
610 SW Alder Street
Suite 800
Portland, OR 97205

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant David Paul Lee moves to vacate or correct his sentence under 28 U.S.C. § 2255. The Government opposes Defendant's motion. For the reasons that follow, the motion is denied.

**BACKGROUND**

On August 22, 2016, Defendant pleaded guilty to being a fugitive in possession of a firearm. Pet. & Order Entering Guilty Plea, ECF 54. On March 9, 2017, this Court sentenced Defendant to twenty-seven months imprisonment and three years of supervised release. J. & Commitment, ECF 70.

On January 10, 2018, while represented by counsel, Defendant personally filed three motions with the Court. *See* ECF 72, 73, 74. Defendant was advised by the Court that motions filed by a defendant with appointed counsel would not be entertained. Minutes of Proceedings, ECF 69. On February 23, 2018, Defendant's counsel filed a motion to reduce Defendant's sentence. Mot. to Reduce Sentence, ECF 76. That motion was granted on June 7, 2018, and Defendant's sentence was reduced by 282 days for time served. Op. & Order, ECF 79. Defendant's counsel withdrew from the case on June 20, 2018. Mot. to Withdraw, ECF 83.

On September 7, 2018, Defendant was arrested on a supervised release violation, and appointed new counsel. Minutes of Proceedings, ECF 87. On September 21, 2018, the Court granted Defendant's request to represent himself, with his attorney to remain on the case as standby counsel. Minutes of Proceedings, ECF 96. At that time, the Court also received three new pro se motions that Defendant had filed. ECF 92-96. These pro se motions included arguments to dismiss the underlying case for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient pleadings. The government argued that the Court did not have

jurisdiction to hear the motions, as Defendant's time to file a direct appeal had expired. Gov't Resp to Mots. at 2-3, ECF 98. At the government's suggestion, and with the Defendant's consent, the Court construed Defendant's filings as petitions for relief cognizable under 28 U.S.C. § 2255. On September 27, 2018 the Court also docketed Defendant's Motion to Vacate or Correct Sentence under § 2255. *See* ECF 102-104. The Court found that Defendant had waived his right to collaterally attack his sentence in his plea agreement except for claims based on ineffective assistance of counsel and that he failed to raise a cognizable ineffective assistance of counsel claim. Op. & Order, ECF 110.

On October 7, 2020, Defendant filed a second § 2255 motion, urging the Court to vacate his sentence based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

**DISCUSSION**

Defendant's motion is a successive § 2255 motion.[1] There are limited circumstances under which a defendant may file a second or successive § 2255 motion. § 2255(h) prevents a district court from considering a second or successive petition without a certificate from the appropriate court of appeals authorizing it to do so. Additionally, "a federal prisoner may not file a second or successive § 2255 petition unless he or she makes a prima facie showing to the appropriate court of appeals that the petition is based on: (1) "a new rule," (2) "of constitutional law," (3) "made retroactive to cases on collateral review by the Supreme Court," (4) "that was

---

[1] In his reply, Defendant argues that his motion is not a second or successive motion because *Rehaif* was decided after he filed his prior § 2255 motion. Defendant relies on *Panetti v. Quarterman*, 551 U.S. 930, 127 (2007) to support his position that this is not a successive petition because his claim was not ripe. *Panetti* concerned an exception to AEDPA's "second or successive" requirement for competency-to-be-executed claims based on *Ford v. Wainwright*, 477 U.S. 399 (1986). This is not a *Ford*-based competency claim. The Ninth Circuit has warned that *Panetti* should not be "read to support a construction of AEDPA that *expands* federal courts' pre-AEDPA ability to reach the merits of claims presented in second-in-time habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009) (emphasis in original).

previously unavailable." *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (citing 28 U.S.C. § 2255(h)(2)).

First, Defendant has not obtained authorization to file a second or successive motion from the Ninth Circuit. Accordingly, this Court lacks jurisdiction to consider his motion. Second, even if Defendant had obtained authorization to file a successive motion, his motion is doomed by the Ninth Circuit's decision in *Tate v. United States*, 982 F.3d 1226 (9th Cir. 2020).[2]

Defendant pleaded guilty to one count of Unlawful Possession of a Firearm – Fugitive in violation of 18 U.S.C. § 922(g)(2). 18 U.S.C. § 924(a)(2) provides that anyone who knowingly violates 18 U.S.C. § 922(g)'s prohibition on specified categories of persons from possession of firearms may be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."139 S. Ct. 2191, 2200 (2019).

Relying on *Rehaif*, Defendant moves to vacate his sentence and withdraw his guilty plea under 28 U.S.C. § 2255. Defendant argues that in *Rehaif* the Supreme Court announced a new constitutional rule, which should be applied retroactively to his case. However, the Ninth Circuit recently determined that *Rehaif* did "not announce 'a new rule of constitutional law' for purposes of filing a second or successive § 2255 motion." *Tate*, 982 F.3d Thus, Defendant may not file a

---

[2] Even if the Court were to accept this as a first petition, and consider the merits of his claim, Defendant cannot show that he is actually innocent or has suffered prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1988) (citations omitted). At his plea hearing, Defendant admitted that he was a fugitive from justice. Tr. 27, ECF 62. The Government stated that it had evidence that Defendant knew a warrant had been lawfully issued for his arrest in Mason County, Washington because he had called the Circuit Court to confirm it was active and that he then "absented himself from the state of Washington." Tr. 25–26. Defendant did not dispute this contention at the plea hearing. *Id.*

second or successive § 2255 motion premised on *Rehaif* . The Court, therefore, denies Defendant's motion.

## CONCLUSION

The Court DENIES Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [133]. The Court declines to issue a Certificate of Appealability on the basis that Defendant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED: May 26, 2021 .

_____
MARCO A. HERNÁNDEZ
United States District Judge